**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-10439
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO VALDERAZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(5:96-CR-61-4-C)

March 12, 1998

Before POLITZ, Chief Judge, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Armando Valderaz challenges his guilty-plea conviction and sentence for

various drug crimes on the grounds that: (1) the government breached the plea

agreement; (2) the district court erred in adding four levels to his base offense level

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under U.S.S.G. § 3B1.1(a); and (3) trial counsel rendered ineffective assistance.

The plea agreement between Valderaz and the prosecutor waived his right to appeal his conviction or sentence except as to claims of ineffective assistance of counsel and claims that his sentence was illegal or the result of an incorrect application of the sentencing guidelines. Our review of the record persuades that the waiver was informed and voluntary and it therefore is binding on Valderaz.[1] We perceive no breach thereof. Having so concluded we perforce must note that if the government had breached the plea agreement the waiver would not be enforceable.[2]

The two remaining claims fall within the exceptions to the waiver. The first, that the district court erred in assessing a four-level increase under section 3B1.1(a), is raised for the first time on appeal. It does not rise to the level of plain error and is rejected.[3] The other, ineffective assistance of counsel, generally cannot be resolved on direct appeal because, typically, the record thereof is not developed.[4] Invoking 28 U.S.C. § 2255 is the proper vehicle for asserting this

---

[1] **United States v. Portillo**, 18 F.3d 290 (5th Cir. 1994).

[2] **United States v. Ballis**, 28 F.3d 1399 (5th Cir. 1994).

[3] **United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (en banc); **United States v. Vital**, 68 F.3d 114 (5th Cir. 1995).

[4] **United States v. Sidhu**, 130 F.3d 644 (5th Cir. 1997).

claim.[5]

        AFFIRMED.

---

[5] **United States v. Smith**, 844 F.2d 203 (5th Cir. 1988).